UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LITO MARTINEZ ASIGNACION                    CIVIL ACTION

VERSUS                                       No. 13-0607 c/w 13-2409

RICKMERS GENOA                               SECTION: "A" (4)
SCHIFFAHRTS

## ORDER AND REASONS

Before the Court are the following motions: (1) Motion to Remand and For Attorney's Fees and Costs (Rec. Doc. 6) filed by Plaintiff Lito Martinez Asignacion ("Asignacion" or "Plaintiff") and set for hearing on April 24, 2013; and (2) Motion to Remand and to Dismiss and/or Stay and For Sanctions (Rec. Doc. 19) also filed by Plaintiff Asignacion (as Defendant in the consolidated case: C.A. No. 13-2409) and set for hearing on July 17, 2013 (*See* Rec. Doc. 21). Both motions are opposed by Defendant Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG (Petitioner in C.A. No. 13-2409) ("Rickmers" or "Defendant"). These motions are before the Court on the briefs without oral argument.[1] For the following reasons both motions are **DENIED**.

## I.   BACKGROUND

This case, in a new posture, returns to the Court for further proceedings. It concerns personal injuries sustained by a foreign seaman on a vessel.  The following factual background is drawn from the Court's prior Order and Reasons issued on May 25, 2011 in Civil Action No. 11-0627. Plaintiff, a citizen of The Republic of the Philippines ("the Philippines"), was employed by Defendant Rickmers, a German corporation, to work as a fitter in the engine room of the M/V

---

[1] The Court notes that oral argument was requested however, the Court finds that oral argument will not assist it in ruling upon these motions.

RICKMERS DALIAN, a vessel owned by Defendant. (Pet. ¶¶ 2-3.) Plaintiff and Defendant entered

into a written employment contract that was executed by the Philippine government through the

Philippine Overseas Employment Administration ("POEA"). (C.A. No. 11-0627, Rec. Doc. 15 at 4).

The employment contract incorporates the Philippine government's Standard Terms and Conditions

Governing Employment of Filipino Seafarers On Board Ocean-Going Vessels ("Standard Terms").

(*Ibid.*). The Standard Terms require that all employment claims must be resolved through arbitration

in the Philippines. Specifically, Section 29 of the Standard Terms states that:

> In cases of claims and disputes arising from this employment, the parties covered by
> a collective bargaining agreement shall submit the claim or dispute to the original and
> exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators. If the parties
> are not covered by a collective bargaining agreement, the parties may at their option
> submit the claim or dispute to either the original and exclusive jurisdiction of the
> National Labor Relations Commission (NLRC), pursuant to Republic Act (RA) 8042
> otherwise known as the Migrant Workers and Overseas Filipinos Act of 1995 or to
> the original and exclusive jurisdiction of the voluntary arbitrator or panel of
> arbitrators.

(*Id.* at Ex. A). Disputes submitted to the NLRC are resolved by arbitration. *Lim v. Offshore Specialty*

*Fabricators, Inc.*, 404 F.3d 898, 900 (5th Cir. 2005). As a result, all employment disputes subject to the

POEA's Standard Terms are resolved by arbitration. *See id.* In addition, Section 31 of the Standard

Terms provides that all claims arising out of a seaman's employment shall be governed by Philippine

law. (C.A. No. 11-0627, Rec. Doc. 15 at Ex. A).

On or about October 26, 2010, the M/V RICKMERS DALIAN was traveling the

Mississippi River near New Orleans when Plaintiff sustained severe burns after a condenser

overflowed in the engine room. (Pet. ¶ 3). As a result, Plaintiff filed suit in state court on November

12, 2010 against Defendant to recover for his injuries pursuant to the Jones Act and general

maritime law. (C.A. No. 11-0627, Rec. Doc. 7-1 at 2). On March 21, 2011, Defendant removed the

case to federal court pursuant to 9 U.S.C. § 205, arguing that the dispute related to an arbitration

agreement in Plaintiff's employment contract. (C.A. No. 11-0627, Rec. Doc. 15 at 4). Plaintiff thereafter filed a motion to remand, arguing that remand was appropriate because his employment contract was unenforceable since arbitration of his claims would violate the public policy of the United States. (C.A. No. 11-0627, Rec. Doc. 7-1 at 1). Specifically, Plaintiff contended that the choice of forum and choice of law clauses in his employment contract operated in tandem as a prospective waiver of his statutory rights in violation of the public policy of the United States. (*Id.*) In opposition, Defendant argued that removal was proper because 9 U.S.C. § 205 allowed for removal of cases related to an arbitration agreement, regardless of whether that arbitration agreement would ultimately be enforceable. (C.A. No. 11-0627, Rec. Doc. 15 at 10–12).

Additionally, Defendant filed a motion to stay and compel arbitration. (C.A. No. 11-0627, Rec. Doc. 11-1 at 2). In that motion, Defendant argued that the arbitration agreement was valid and enforceable pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention"). (*Ibid.*). Defendant further asserted that federal public policy strongly favors arbitration and that Plaintiff failed to satisfy his heavy burden in establishing that the arbitration agreement was not valid. (*Id.* at 8–11). Plaintiff opposed the motion to stay and compel arbitration arguing the prospective waiver of statutory rights violated the public policy of the United States based on Supreme Court precedent. (C.A. No. 11-0627, Rec. Doc. 17 at 1).

In the Court's prior Order and Reasons, issued May 25, 2011 in Civil Action No. 11-0627, the Court found that Plaintiff's suit was initially removable because his claims fell under the Convention, over which this Court has original jurisdiction. (*See* C.A. No. 11-0627, Rec. Doc. 21 at 5). Ultimately however, because the Court found that the choice of forum and choice of law clauses contained in Plaintiff's employment contract operated in tandem as a prospective waiver of his statutory right to bring a Jones Act claim in a forum that would apply U.S. law, the Court concluded

that the arbitration clause was thereby rendered unenforceable, (*Id.* at 10, 12–13), and accordingly remand was proper in accordance with *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) ("If the district court decides that the arbitration agreement does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court").

After the Court remanded this action back to state court, Defendant filed exceptions in the state court proceeding to enforce the arbitration clause in Plaintiff's employment contract. (Rec. Doc. 1 at 4). On May 16, 2012, the state court granted Defendant's exceptions, stayed litigation of Plaintiff's claims, and ordered Plaintiff to arbitrate his claims in the Philippines pursuant to the arbitration clause in his employment contract. (*Id.* at 5). This dispute then proceeded to arbitration in the Philippines where, on February 15, 2013, the Philippine arbitrators issued a decision finding that U.S. law would not be applied, that Philippine law controlled and accordingly, that Plaintiff was entitled only to scheduled benefits based on his level of disability resulting in an award of $1,870.00. (*Id.* at 5–6). On March 4, 2013, Plaintiff filed a motion in state court requesting that the court order Defendant to show cause as to why the stay of litigation should not be lifted and why the decision of the Philippine arbitrators "should not be set aside as being against public policy of the United States." (*Id.* at 6).

On April 3, 2013, Defendant removed this action to federal court a second time. (*Id.*). Defendant asserts, as its first basis for removal, that the "Philippine arbitrators' decision and award constitutes an arbitral award falling under the Convention. As a result, the subject matter of the plaintiff's state court lawsuit, which plaintiff seeks to revive, 'relates to an arbitration . . . award falling under the Convention' within the meaning of 9 U.S.C. § 205." (*Id.* at 6). Additionally, Defendant asserts, as its second basis for removal, that the Plaintiff's motion requesting that the

state court set aside the Philippine arbitrators' decision and award "states a claim that 'arises under' federal law, specifically the federal common law of foreign relations and the Act of State doctrine." (*Id.* at 7–8). Defendant supports this second basis by arguing that the "federal common law of foreign relations and the Act of State doctrine confer federal jurisdiction over suits seeking to invalidate the official acts of a foreign sovereign government." (*Id.* at 8). Defendant asserts that because "the arbitration decision and award were issued by an office of the Philippine Department of Labor & Employment, an agency of the Philippine government. . . . plaintiff's motion to 'set aside' the arbitral award seeks to invalidate official actions of a Philippine government agency." (*Ibid.*).

Shortly after Defendant's removal, on April 9, 2013, Plaintiff filed the instant motion to remand in Civil Action 13-0607, arguing essentially that removal for a second time under an arbitration clause that the Court previously found unenforceable is improper and that Defendant's second basis for removal, the Act of State doctrine and the federal common law of foreign relations, is not applicable to this case. (Rec. Doc. 6). Additionally, Plaintiff "specifically requests the [C]ourt to consider granting sanctions for wrongful removal pursuant to Federal Rule of Civil Procedure 11 or to award attorney's fees and costs pursuant to 28 U.S.C. § 1447(c)." (*Id.* at 4). For the following reasons, this motion is **DENIED**.

On the same day that this motion to remand came under submission, April 24, 2013, Defendant Rickmers filed a Petition for Confirmation of Foreign Arbitral Award Pursuant to 9 U.S.C. § 207. (C.A. No. 13-2409, Rec. Doc. 1). On May 23, 2013 that action was consolidated with Civil Action No. 13-0607. (*Id.* at 8). Defendant Rickmers (Petitioner in C.A. No. 13-2409) seeks confirmation of the aforementioned arbitral award rendered by the Philippine arbitrators. Plaintiff Asignacion (Defendant in C.A. No. 13-2409) moves the Court to remand Civil Action No. 13-2409,

to dismiss and or stay Civil Action No. 13-2409, and to issue sanctions. (Rec. Doc. 19). For the following reasons this motion too, is **DENIED**.

## II.    <u>STANDARD OF REVIEW</u>

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

The United States is a party to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which Congress has implemented at 9 U.S.C. § 201, *et seq.* (the "Convention Act"). "Among the Convention Act's provisions are jurisdictional grants giving the federal district courts original and removal jurisdiction over cases *related to* arbitration agreements *falling under* the Convention." *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 375 (5th Cir. 2006) (emphasis added). Specifically, Section 203 of the Convention Act provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." 9 U.S.C. § 203. Notwithstanding the Saving to Suitors Clause, 28 U.S.C. § 1333, cases arising under the Convention may be removed to federal court pursuant to Section 205 of the Convention Act. 9 U.S.C. § 205. Section 205 provides as follows:

> [w]here the subject matter of an action or proceeding pending in a State court *relates to* an arbitration agreement or award *falling under* the Convention, the defendant or the defendants may, at any time before trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place

where the action or proceeding is pending.

*Id.* (emphasis added).

In *Beiser v. Weyler*, the Fifth Circuit held that an arbitration agreement under the Convention "*relates to*" a plaintiff's suit if the agreement "could conceivably affect the outcome of the plaintiff's case." *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (emphasis added). "[A]s long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Id.* at 671–72. The Fifth Circuit further reasoned that Congress's use of the broad phrase "relates to" demonstrated Congress's intent to confer jurisdiction liberally under § 205. *Id.* at 674. Nevertheless, the Fifth Circuit also noted that "the arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205" and that a district court must remand a case back to state court if it finds that the arbitration clause does not provide a defense. *Id.* at 675.

An international agreement to arbitrate *falls under* the Convention if: "(1) there is an agreement in writing to arbitrate the dispute, (2) the agreement provides for arbitration in the territory of a Convention signatory, (3) the agreement arises out of a commercial legal relationship, and (4) a party to the agreement is not an American citizen." *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005) (quoting *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002)).

III.   **LEGAL ANALYSIS**

As previously held in Civil Action No. 11-0627, Plaintiff's suit was initially removable because his claims indisputably *relate to* an arbitration agreement that *falls under* the Convention. It cannot be disputed that the arbitration clause contained in Plaintiff's employment contract "could conceivably affect the outcome of the plaintiff's case", *Beiser*, 284 F.3d at 669, given that the

7

employment contract provides for arbitration of employment-related disputes in the Philippines. *See supra.* It is also indisputable that the employment contract *falls under* the Convention given that the four jurisdictional requirements for arbitration under the Convention, as described in *Lim, supra*, are met. First, Plaintiff's employment contract qualifies as an agreement in writing to arbitrate the dispute. Second, the employment contract provides for arbitration in the Philippines, a signatory of the Convention. Third, the employment contract arises out of a commercial relationship because seamen employment contracts are considered commercial. *See Francisco, 293 F.3d at 274*. Fourth, Plaintiff is not a United States citizen. Accordingly, removal was clearly proper pursuant to Section 205 despite the fact that the arbitral award issued on February 15, 2013 may ultimately, be deemed unenforceable on public policy grounds.

Previously, this Court, persuaded in large part by the Eleventh Circuit's reasoning in *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir. 2009), held that remand of this action was appropriate after concluding that the choice of law and choice of forum clauses contained in Plaintiff's employment contract operated in tandem to effect a prospective waiver of his statutory rights that, in turn, rendered his employment contract, or at least the arbitration clause therein, unenforceable as against public policy. While the Eleventh Circuit has since called this decision into question, *see Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257 (11th Cir. 2011), the Court finds it unnecessary to revisit the reasoning underlying its previous holding given that the instant dispute has now progressed beyond the procedural posture first presented to the Court. Because this action has proceeded to arbitration pursuant to an arbitration agreement that *falls under* the Convention, the claims presented by Plaintiff in the instant litigation now clearly *relate to* that arbitration. As Defendant Rickmers emphasizes: "For now, it is obvious that the arbitral award conceivably provides Rickmers a defense to plaintiff's claims. This case therefore 'relates to' the award and was properly removed under 9 U.S.C. § 205,

and plaintiff's motion to remand should be denied." (Rec. Doc. 10 at 17). The Court agrees. Accordingly, removal was proper and remand is denied.

The Court notes in closing that the majority of Plaintiff Asignacion's arguments are premature at this stage of the litigation, though not necessarily without merit. Whether the arbitral award rendered by the Philippine arbitrators is ultimately enforceable or is voided on public policy grounds, is a question for another day. Article V § 2(b) of the Convention provides that "[r]ecognition of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . *[t]he recognition or enforcement of the award* would be contrary to the public policy of that country." Convention, Art. V, § (2)(b) (emphasis added). While the Court recognizes Plaintiff Asignacion's argument that "[t]he erroneous decision by the state district court to order arbitration changes nothing", (Rec. Doc. 15 at 8), the Court cannot adopt this conclusion. Now that the parties have engaged in an arbitration that *falls under* the Convention and clearly *relates to* the claims at issue in this litigation, this litigation was properly removed to federal court and must proceed to its ultimate resolution in this forum. As Defendant Rickmers correctly notes, "the merits of plaintiff's attack on the Philippine arbitral award are not germane to the question [of] whether this case was properly removed under 9 U.S.C. § 205." (Rec. Doc. 17 at 2). This is undoubtedly so. And, limited as the Court is to a review of its jurisdiction on these motions to remand, Plaintiff's arguments are best reserved for the next stage of this litigation.

In light of this Court's holdings, Plaintiff Asignacion's motions for sanctions are deemed to be without merit and are hereby dismissed. Additionally, because the Court has found that it must deny remand of this matter, the relief prayed for in Plaintiff Asignacion's <u>Motion to Remand and to Dismiss and/or Stay and For Sanctions</u> (Rec. Doc. 19) is denied as moot.

IV.     **CONCLUSION**

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the <u>Motion to Remand and For Attorney's Fees and Costs</u> (Rec. Doc. 6) filed by Plaintiff Asignacion is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the <u>Motion to Remand and to Dismiss and/or Stay and For Sanctions</u> (Rec. Doc. 19) also filed by Plaintiff Asignacion (as Defendant in the consolidated case: C.A. No. 13-2409) is hereby **DENIED as moot**.

This 11th day of September 2013.

_____
Judge Jay C. Zainey
United States District Court