UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LITO MARTINEZ ASIGNACION                                   CIVIL ACTION

VERSUS                                                     No. 13-0607 c/w 13-2409

RICKMERS GENOA SCHIFFAHRTS                                 SECTION: "A" (4)

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment (Rec. Doc. 26) filed by Plaintiff Lito Martinez Asignacion. Defendant Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG opposes the motion. The motion, set for hearing on October 23, 2013, is before the Court on the briefs without oral argument.

Plaintiff, a citizen of The Republic of the Philippines ("the Philippines"), was employed by Defendant, a German corporation, to work as a fitter in the engine room of the M/V RICKMERS DALIAN, a vessel owned by Defendant. Plaintiff and Defendant entered into a written employment contract that was executed by the Philippine government through the Philippine Overseas Employment Administration ("POEA").[1] The employment contract incorporates the Philippine government's Standard Terms and Conditions Governing Employment of Filipino Seafarers On Board Ocean-Going Vessels, which require that all employment claims be resolved through arbitration in the Philippines, invoking Philippine law.

On or about October 26, 2010, the M/V RICKMERS DALIAN was in the Mississippi

---

[1] Rec. Doc. 29-3 at 1-7.

1

River near New Orleans, Louisiana, when a condenser overflowed in the vessel's engine room, causing Plaintiff to sustain severe burns.  As a result, Plaintiff filed suit to recover for his injuries.  The litigation was stayed and the parties were ordered to arbitrate their claims in the Philippines, pursuant to Plaintiff's employment contract.  The dispute proceeded to arbitration before the Department of Labor and Employment, National Conciliation of Mediation Board in Manila.  On February 15, 2013, the Philippine arbitral panel issued a decision entitling Plaintiff to scheduled benefits based on his level of disability resulting in an award of $1,870.00.[2]

Subsequent to the issuance of the foreign arbitral award, the stay on proceedings was lifted.  On October 10, 2013, Plaintiff filed the instant <u>Motion for Summary Judgment</u> (Rec. Doc. 26).  In presenting this motion to the Court, Plaintiff states the following: "Lito Martinez Asignacion respectfully moves the Court to issue Summary Judgment in his favor declaring that the award of the Philippine arbitral panel in this case is void against the public policy of the United States, shall not be enforced, and is hereby vacated."[3]  For the following reasons, this motion is **DENIED**.

The United States and the Philippines are both signatory States of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention").[4]  "Among the Convention's provisions are jurisdictional grants giving the federal district courts original and removal jurisdiction over cases related to arbitration agreements

---

[2] Rec. Doc. 29-3 at 8-16.

[3] Rec. Doc. 26.

[4] 9 U.S.C. § 201, *et seq*.

2

falling under the Convention."[5]  The Court has previously established that the international arbitration agreement between the parties in this case falls under the Convention.[6]  Thus, the Convention governs this Court's review of the award.

The Convention "mandates very different regimes for the review of arbitral awards (1) in the [countries] in which, or under the law of which, the award was made, and (2) in other [countries] where recognition and enforcement are sought."[7]  "Under the Convention, 'the country in which, or under the [arbitration] law of which, [an] award was made' is said to have *primary* jurisdiction over the arbitration award."[8]  All other signatory States have *secondary* jurisdiction.[9]

Courts with primary jurisdiction over an award possess the exclusive authority to annul or vacate the award.[10]  In secondary jurisdiction courts, the parties can only contest whether that country should enforce the award.[11]

---

[5]*Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 375 (5th Cir. 2006).

[6]Rec. Doc. 23.

[7]*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003) (*quoting Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2nd Cir. 1997)).

[8]*Id.* (*citing* New York Convention, art. V(1)(e)).

[9]*Id.*

[10]*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 287 (5th Cir. 2004) (*citing Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003)).

[11]*Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003).

Since the award at issue was rendered in the Philippines, Philippine courts have primary jurisdiction over the award. This Court, having secondary jurisdiction over the award, can only consider whether to enforce the award in the United States. As such, this Court does not have the proper jurisdiction to consider Plaintiff's motion to vacate the arbitral award. A motion to this effect can only be brought in a Philippine court.

Further, an action to vacate an award made under the Convention is to be governed by the domestic law of the arbitral forum.[12] Such an action is not to be made under the Convention.[13] Plaintiff moves for the Court to vacate the award on public policy grounds, under Article V(2) of the Convention. However, Article V provides the exclusive grounds for a court to refuse to enforce an award - not grounds on which a court may vacate an award.[14] Thus, a motion to vacate the award in this case must be brought both in a Philippine court and under Philippine law. These requirements are not met here.

The Court notes that currently pending in this matter is a Motion to Recognize and Enforce Arbitral Award (Rec. Doc. 29) filed by Defendant. To the extent Plaintiff's arguments made in the instant motion are reiterated in his opposition to Defendant's pending motion, those arguments will be given due consideration in that context.

---

[12] *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 364 F.3d 274, 308-09 (5th Cir. 2004) (*quoting Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 22 (2d Cir. 1997)).

[13] *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 22 (2d Cir. 1997).

[14] *Gulf Petro Trading Co., Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742, 747 (5th Cir. 2008) (*citing Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003)).

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 26) filed by Plaintiff Lito Martinez Asignacion is hereby **DENIED**.

This 27th day of January 2014.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE